IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN M. JOHNSON | § | |
| Petitioner | § | |
| | § | No. : |
| VS. | § | |
| | § | |
| WILLIAM "SCOTT" DRAKE | § | |
| Respondent | § | |

**PETITIONER STEVEN M. JOHNSON'S
APPLICATION FOR ORDER CONFIRMING DOMESTIC ARBITRATION AWARD**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Petitioner, Steven M. Johnson, moves for an order from this Court to confirm the Final Award received in domestic arbitration, rendered by the Honorable Glen Ashworth (Ret.) of Judicial Arbitration and Mediation Services, Dallas, Texas, in this matter.

**A. PARTIES**

1. Petitioner Steven M. Johnson ("Johnson"), is an individual, a citizen of Texas, and engaged in the practice of law with a principal place of business in Fort Worth, Tarrant County, Texas.

2. Respondent William "Scott" Drake ("Drake") is an individual and citizen of Minnesota with an address located at 1477 Sherman Lake Road, Lino Lakes, Minnesota 55082. He may be served at this address.

**B. JURISDICTION AND VENUE**

3. This is a proceeding to confirm a domestic arbitration award arising under the Federal Arbitration Act, 9 U.S.C. §§ 1, 9 (West 2016).

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.A §

1332(a)(1) because Johnson and Drake are citizens of different U.S. states and the amount in controversy of this matter well exceeds the sum or value of $75,000, exclusive of interest and costs. The Final Award in arbitration which Petitioner seeks to confirm equals or exceeds $353,214.97 (Three Hundred Fifty-Three Thousand Two Hundred Fourteen Dollars and 97 cents). See Appendix, Exhibit F, pgs. 054-055, Corrected Final Award dated July 7, 2016, filed concurrently with this Application, and incorporated herein.

5. The Court additionally has personal jurisdiction over Respondent William "Scott" Drake pursuant to 9 U.S.C. § 9 because this dispute arises out of a contract for legal services requiring performance in the state of Texas, and Drake has participated in an arbitration in Dallas, Texas, since 2014, the Arbitrator finding that he had subject matter jurisdiction over the dispute and personal jurisdiction over Drake. App., Exhibit A, pg. 001; Exhibit F, "Procedural History," pgs. 040–041. Notice of this Application has been served on Drake, thereby giving this Court "jurisdiction of such party as though he had appeared generally in the proceeding." 9 U.S.C.A. § 9.

6. Venue is proper in this Court because a substantial part of the events giving rise to this Application have taken place within this District and Division, and the parties proceeded in Dallas, Texas, as the venue for their arbitration, which has been in process since August 1, 2014. 28 U.S.C. § 1391(b)(2); App., Exhibit F, pgs. 038-057. In addition, venue in this District is proper pursuant to 9 U.S.C.A. § 9 in that the Contract out of which this fee dispute arose does not specify the Court which is to confirm an arbitration award, see App., Exhibit A, Section 14, pg. 001, filed concurrently with this Application and incorporated by reference. Consequently, venue is proper under 9 U.S.C.A. § 9 in that the Corrected Final Award, App., Exhibit F, was made in the Northern District of Texas, Dallas Division. App., Exhibit F, pgs. 038-057.

## C. CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred. The Corrected Final Award is final under JAMS Rule 24(k).[1]

## D. FACTS OF THE CASE

8. At all times relevant to these pleadings, Steven M. Johnson was a duly licensed attorney in good standing with the State Bar of Texas, and practiced law by and through Steven M. Johnson, P.C., d/b/a The Johnson Law Firm. App., Exhibit F, pg. 042.

9. Drake was implanted with defective DePuy Hip ASR prosthetic devices in April 2007 and May 2007. App., Exhibit F, pg. 042. On or about September 27, 2010, Drake's wife contacted Johnson's law firm in Fort Worth, Texas, by phone and advised that Drake had been implanted with DePuy ASR hip implants, asserted personal injuries had resulted from this implantation, and requested information about retaining Johnson to represent Drake with respect to his claims. Johnson confirmed Drake's contact by mail that date and sent the requested information to Drake. App., Exhibit F, pgs. 042-043.

10. Johnson provided detailed information about the defective hip prosthesis and the DePuy Hip ASR litigation in general in 2010 and 2011 to Drake after the initial contact. *Id.* A MultiDistrict Litigation was created for investigating, handling, and processing claims arising from the defective implants in 2010 or 2011. On or about 1/30/2012, Johnson and Drake entered into a valid written

---

[1] "The Award is considered final, for purposes of either the Optional Arbitration Appeal Procedure pursuant to Rule 34 or a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service is deemed effective if no request for a correction is made, or as of the effective date of service of a corrected Award." JAMS Rule 24(k).

contract, entitled Attorney Representation Agreement ("Contract"), with respect to said claims, attached hereto as App., Exhibit A, pg. 001; Exhibit F, pg. 043. This Contract contained arbitration provisions, all initialed by Drake. App., Exhibit A, Sections 13-15, pg. 001. The Contract required that "any disputes between attorney and client" other than disciplinary actions were to be arbitrated. App., Exhibit A, Section 14, pg. 001.

11. The Contract provided for a fee, contingent on what would be recovered, to be computed as forty percent (40%) of all sums recovered on Drake's claims, in addition to all costs and expenses advanced by Johnson, and a lien on Drake's claims and on any proceeds or judgments recovered in connection with the claims as security for the payment of the attorneys' fees, costs, and expenses. App., Exhibit A, Section 3, 4, 6, pg. 001. Johnson commenced his representation and on November 30, 2012, filed a Short Form complaint on behalf of Drake since Johnson had just been made aware that Drake was going to undergo a revision of one of the hip prostheses in the near future. App., Exhibit A, Section 9, pg. 001; Exhibit F, pgs. 044, 049.

12. On December 6, 2012, Johnson received by mail a letter dated November 30, 2012, from attorney Charles H. Johnson on behalf of Drake, unilaterally substituting in as counsel for Drake in the MDL lawsuit and terminating Johnson's representation without stating any reason stemming from Johnson's actions in the case, simply advising that Drake wanted an attorney local to him and that Charles Johnson had an ongoing professional relationship with Drake's family. App., Exhibit F, pg. 044. Johnson promptly provided Mr. Charles Johnson, the second lawyer for Drake, and later Meshbesher & Spence, Ltd., the third lawyer for Drake, with copies of the file, as requested, and notified each that Johnson retained Johnson's 40 percent contractual fee interest with respect to any recovery obtained on Drake's claims. App., Exhibit F, pg. 044.

13. On December 17, 2012, Drake underwent the first revision of one of his hip prostheses. He subsequently underwent multiple other revisions on both hips. App., Exhibit F, pg. 044-045. On January 14, 2013, Drake terminated his second lawyer, Charles Johnson, and then later retained Drake's third and current attorneys, Meshbesher & Spence, Ltd. App., Exhibit F, pg. 044.

14. Ultimately, settlements were reached in the DePuy Hip ASR MDL litigation in 2013 and 2015, and Drake's claims were submitted for settlement awards by Meshbesher & Spence in 2014 and 2015. One settlement claim for a discretionary lose wages claim is still pending. App., Exhibit F, pg. 045.

15. Drake, by and through Meshberger & Spence, refused to honor Johnson's demand for the contractually agreed contingency fees. App., Exhibit F, pg. 044. On August 1, 2014, Johnson filed an Original Complaint, Application to Compel Arbitration, and Request for Declaratory Relief in the Northern District of Texas, Cause No.14-cv-00611-A, asking the District Court to compel an arbitration proceeding between Johnson and Drake, or alternatively requesting the Court to declare the rights and interests of Johnson with respect to the Contract. Ultimately, the District Court (prior to any arbitration commencing) concluded that it did not have personal jurisdiction over Drake to compel arbitration, and dismissed the Complaint in the Northern District for lack of personal jurisdiction on November 25, 2014. App., Exhibit F, pg. 041.

16. In addition to the Original Complaint and Motion to Compel Arbitration filed in the Northern District of Texas, Fort Worth Division, Johnson commenced an arbitration with JAMS Dallas on August 1, 2014, styled "Steven M. Johnson vs. William Drake, JAMS Ref. No. 1310021501," by filing a Demand for Arbitration. App., Exhibit F, pg. 038, 041. Johnson served the Demand on Drake, who filed a Response to Arbitration and Statement of Affirmative Defenses. JAMS then

issued a Commencement Letter, notifying the parties that the requirements of an arbitration were met in accordance with the applicable JAMS Comprehensive Rules and Procedures. App., Exhibit F, pg. 040-042. Drake then participated in selection of the arbitrator pursuant to JAMS Rules and Judge Glen Ashworth (Ret.) was selected. *Id.*, pg. 041. Drake asserted untimely objections to the arbitration. As a result, he was held to have waived any jurisdictional complaints under the JAMS Rules by Order of the Arbitrator on January 20, 2015. The Arbitrator found that he had jurisdiction existed to arbitrate this matter between the parties and that the issues were arbitrable. App., Exhibit F, pg. 041.

17. Subsequently, Drake exchanged discovery in the arbitration, engaged in settlement negotiations with Johnson, participated in several scheduling hearings, sought and scheduled depositions of the parties, produced an expert report in rebuttal to Johnson's designation, and sought an extension of the current discovery schedule. App., Exhibit F, pg. 041.

18. On February 17, 2016, however, Johnson was served with a "Scheduling Order No. 1" issued by Special Master Cathy Yanni of JAMS in "Steven M. Johnson P.C., d/b/a The Johnson Law Firm v. William Drake in JAMS Reference No. 1200048059," purportedly initiating arbitration under the "Master Settlement Agreement" entered into with the DePuy Hip ASR Settlement. App., Exhibit C, pgs. 009-010; Exhibit F, pg. 042.

19. Many lengthy motions were filed by both parties in both arbitrations urging their positions. Johnson also filed a Petition to Compel Arbitration in the Northern District, Dallas Division, Case No. 3:16-cv-00493-D, seeking an order from the District Court compelling the Dallas arbitration to proceed to resolution. App., Exhibit F, pg. 042. Ultimately, Special Master Yanni concluded that she did not have jurisdiction and closed the second JAMS arbitration. App., Exhibit C, pgs. 009-

010; Exhibit F, pg. 042. Johnson, therefore, nonsuited its Petition to Compel Arbitration before any ruling by the District Court, and the Dallas JAMS arbitration proceeded to full hearing over three days, April 10, May 9, and May 10, 2016. App., Exhibit E, pgs. 030-037; Exhibit F, pg. 042.

20.  On July 7, 2016, Judge Ashworth issued a Corrected Final Award in favor of Johnson in the following respects:

  a.  The parties' Attorney Representation Agreement was found to be a valid and enforceable contract;

  b.  Drake's claim for Fraudulent Inducement was denied;

  c.  The parties' Attorney Representation Agreement was terminated by Drake without "good cause."

  d.  Drake's claim of an unconscionable fee was denied;

  e.  Drake's claim for fee forfeiture was denied;

  f.  Johnson was awarded his net 35% contingency fee from Drake's Part A and B Settlement award in the amount of $196,612.50.

  g.  Johnson was awarded his net 35% contingency fee from Drake's discretionary loss of earnings award (EIF Claim no. 3585) to the extent of the as yet undetermined amount when and if Drake recovers from that claim;

  h.  Johnson was granted a lien on Drake's recovered claims (itemized in subsections f. and g., *supra*);

  i.  Drake was found to have breached the Attorney Representation Agreement;

  j.  Johnson was awarded Johnson's attorneys' fees in the amount of $136,457 incurred in seeking to recover his contingency fee and costs;

  k.  Johnson was awarded Johnson's expended JAMS costs and Arbitrator's costs in the amount of $20,145.47;

  l.  Johnson's attorneys' claims for litigation expenses and costs were denied.

App., Exhibit F, pg. 054-055.

21.     Petitioner hereby files this application to confirm the Corrected Final Award reflected in App., Exhibit F.

### E. PRAYER

22.     The Corrected Final Award handed down by Judge Ashworth is a final, binding award without defect under the law. For these reasons, Petitioner asks the Court to issue an Order confirming the Corrected Final Award and enter judgment in Petitioner's favor against Respondent in accordance with the Final Award, for which let execution issue.

Respectfully submitted,

*/s/ Jennifer M. Andrews*

By: _____
Jennifer M. Andrews
State Bar ID No. No. 01243010
j.andrews@wallach-law.com
WALLACH & ANDREWS, P.C.
2501 Parkview Drive, Suite 303
Fort Worth, Texas 76102
(817) 338-1707 / (817) 338-1787 FAX

**ATTORNEYS FOR PETITIONER, STEVEN M. JOHNSON**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN M. JOHNSON | § | |
|     Petitioner | § | |
| | § | No. : |
| VS. | § | |
| | § | |
| WILLIAM "SCOTT" DRAKE | § | |
|     Respondent | § | |

**PETITIONER STEVEN M. JOHNSON'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER CONFIRMING DOMESTIC ARBITRATION AWARD**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Petitioner, Steven M. Johnson, files this Memorandum of Law in Support of Petitioner's Application for an order from this Court to confirm the Final Award received in domestic arbitration, rendered by the Hon. Glen Ashworth (Ret.) of Judicial Arbitration and Mediation Services, Dallas, Texas in this case.

## A. INTRODUCTION

1. Petitioner is Steven M. Johnson, ("Johnson"). Respondent is William "Scott" Drake ("Drake").

2. Johnson sued Drake for breach of contract for failure to pay attorneys fees and costs arising from Johnson's representation of Drake in a product liability case. Johnson sought its attorneys' fees and costs in pursuing its breach of contract claim. Drake asserted various affirmative defenses to the breach of contract claim. App., Exhibit F, pgs. 038-057.

3. Per the arbitration clause in the parties' Contract, App., Exhibit A, pg. 001, the dispute was submitted to binding arbitration under Judicial Arbitration and Mediation Services (JAMS). A hearing was held on April 4, May 9 and May 10, 2016 at JAMS' offices in Dallas, Texas. App.,

Exhibit E, pgs. 030-037; Exhibit F, pg. 042. On July 7, 2016, the Arbitrator issued a Corrected Final Award in favor of Johnson, and granted the following relief:

a. The parties' Attorney Representation Agreement was found to be a valid and enforceable contract;

b. Drake's claim for Fraudulent Inducement was denied;

c. The parties' Attorney Representation Agreement was terminated by Drake without "good cause."

d. Drake's claim of an unconscionable fee was denied;

e. Drake's claim for fee forfeiture was denied;

f. Johnson was awarded his net 35% contingency fee from Drakes' Part A and B Settlement award in the amount of $196,612.50.

g. Johnson was awarded his net 35% contingency fee from Drake's discretionary loss of earnings award (EIF Claim no. 3585) to the extent of the as yet undetermined amount when and if Drake recovers from that claim;

h. Johnson was granted a lien on Drake's recovered claims (itemized in subsections f. and g.);

i. Drake was found to have breached the Attorney Representation Agreement;

j. Johnson was awarded from Drake Johnson's attorneys fees in the amount of $136,457;

k. Johnson was awarded from Drake Johnson's expended JAMS costs and Arbitrator's costs in the amount of $20,145.47;

l. Johnson's attorneys' claims for litigation expenses and costs were denied.

App., Exhibit F, pgs. 054-055.

4. Johnson now files its Application and Memorandum of Law in Support to confirm the domestic arbitration Corrected Final Award.

### B. STANDARD OF REVIEW

5. Under the Federal Arbitration Act (FAA), federal courts are limited to a narrow review of arbitration awards. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008); *Hamstein Cumberland Music Grp. v. Williams*, 532 Fed.Appx. 538, 542 (5th Cir.2013). In order to promote arbitration as an expeditious and cost-effective alternative to litigation, judicial review of arbitration awards is "exceedingly deferential" *McVay v. Halliburton Energy Servs., Inc.*, 608 Fed. Appx. 222, 224 (5th Cir.2015) (citing *Petrofac, Inc. v. DynMcDermott Petroleum Ops. Co.*, 687 F.3d 671, 674 (5th Cir.2012)); *Dealer Computer Servs., Inc. v. Michael Motor Co.*, 485 Fed. Appx. 724, 727 (5th Cir.2012). When parties have agreed to arbitrate, the court must confirm the award "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. In accordance with the Supreme Court's decision in *Hall Street Associates*, the four grounds listed in Section 10 of the FAA are the exclusive means by which a party can vacate an arbitration award. *Citigroup Global Mkts. Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir.2009). *See McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 2015 WL 5999654, at *2 (N.D. Tex. 2015), *aff'd sub nom., McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 2016 WL 2989241 (5th Cir. 2016)("If an award is rationally inferable from the letter or purpose of the underlying agreement, then the award should be upheld by the court. . . . When a party has agreed to arbitrate, the award will be set aside only in "very unusual circumstances." (citations omitted). Even a misapplication of law or a misinterpretation of fact is not a sufficient basis for setting aside the final award of an arbitrator."). *Id.* (Internal citations and quotations omitted).

## C. ARGUMENT AND AUTHORITIES

6. On a timely filed motion or application to confirm an arbitration award with the proper attachments, confirmation of the award is presumed unless there are grounds to modify, correct, or vacate the award. *See* 9 U.S.C. §§9, 10, 11, 13; *see Citigroup Gobal Markets, Inc.*, 562 F.3d at 353,

358.

7.     A motion to confirm a domestic arbitration award must be filed within one year after the award is made. 9 U.S.C. §9. In this case, the Corrected Final Award was issued on July 7, 2016, and Johnson has filed its Application, Memorandum and Appendix in Support on July 7, 2016. Therefore, this Application is timely filed. *Photopaint Techs, LLC v. Smartlens Corp.*, 335 F.3d 152, 158 (2nd Cir. 2003).

8.     An arbitration award must be confirmed when the parties have provided in the arbitration agreement that a judgment will be entered on the arbitration award. 9 U.S.C. § 9. In this case, the parties entered into an arbitration agreement on January 30, 2012. A copy of the arbitration agreement is attached as App., Exhibit A, pg. 001, and Paragraph 14 provides that any disputes other that attorney disciplinary proceedings shall be resolved by full and binding arbitration. Johnson and Drake also agreed that judgment upon any award rendered by the arbitrator may be entered by any state or federal court with jurisdiction over the matter. *Id.* A Corrected Final Award was issued on July 7, 2016 and granted in Johnson's favor as enumerated in App., Exhibit F, pgs. 054-055, Paragraph 3, *supra.*

9.     There are no grounds for modifying, correcting, or vacating the award in this case, and the Arbitrator's decision and Corrected Final Award are correct. See 9 U.S.C. §§ 9, 10. There is no evidence that:

    a.     "the award was procured by corruption, fraud, or undue means." 9 U.S.C. § 10(1).

    b.     "there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(2). Judge Ashworth was selected by the parties according to JAMS Rules and made appropriate disclosures to all parties of all prior contacts. App., Exhibit B, pgs. 002-008; Exhibit F,

pg. 041.

    c.    "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(3). Judge Ashworth postponed the hearing once upon being informed that the parties had settled, then reconvened the hearing once it became apparent that there was no settlement. Originally, the hearing was to occur only on one day, but the Arbitrator and parties agreed to extend the hearing an additional two days to present all relevant evidence. The Arbitrator did not exclude any evidence from consideration, only affording the voluminous evidence the weight and credence he deemed appropriate under the circumstances. App., Exhibit E, pgs. 030-037; Exhibit D, pgs. 011-29; Exhibit F, pgs. 041-042.

    d.    "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(4). The Contract specifically provided that Johnson would receive a contingency fee from monies Drake recovered in settlement, and it provided that disputes being sent to arbitration would include fee disputes. Appendix, Exhibit A, Sections 3, 14, pg. 001. "The Fifth Circuit has outlined several factors that indicate whether an arbitrator based his ruling and award on the contract: "The award will often suggest on its face that the arbitrator was arguably interpreting the contract. Several pieces of relevant evidence can be gleaned from the award's text, including but not limited to: "(1) whether the arbitrator identifies [his] task as interpreting the contract; (2) whether [the Arbitrator] cites and analyzes the text of the contract; and (3) whether [the Arbitrator's] conclusions are framed in terms of the contract's meaning." *BNSF R. Co. v. Alstom Transp., Inc.*, 777 F.3d 785, 788 (5th Cir. 2015).

*See also McKool Smith, P.C.*, 2015 WL 5999654, at *4. It is clear from the Corrected Final Award that Judge Ashworth concluded that this was a fee dispute, and based his decision upon the language of the Contract and Texas law interpreting the Contract. Generally, App., Exhibit F, pgs. 040-051.

10. Because the Application, Memorandum of Law, Appendix, proposed order, and proper attachments have been filed and because there are no grounds for this Court to modify, correct, or vacate the award, the Court must confirm the Corrected Final Award in this case. *See* 9 U.S.C. §§9, 13. The Corrected Final Award awards Johnson the net contingency fee and costs stemming from Johnson's representation of Drake, based upon the 2013 and 2015 Master Settlements in the DePuy Hip ASR MDL and the specific settlement awards Drake has received and may receive in the future as a result of his settlement of his claims and his injury characterization per the master settlements of that MDL. App., Exhibit F, pgs. 054-055. The Corrected Final Award also awards Johnson his attorneys fees and Johnson's expended JAMS costs and Arbitrator's costs in the amount of $20,145.47 pursuant to Tex. Civ. Prac. Rem. Code § 38.001(8), necessitated by seeking to enforce Johnson's contractual contingency fee. App., Exhibit F, pgs. 054-055.

### D. ATTACHMENTS

11. In support of this Application, Johnson includes supporting documents in the attached appendix, which is incorporated by reference. This encompasses the following documents:

| | |
|---|---|
| Exhibit A: | The Contract, pg. 001; |
| Exhibit B: | The appointment of Judge Ashworth as Arbitrator in JAMS Ref. No. 1310021501, pgs. 002-008; |
| Exhibit C: | Order of Special Master Yanni in JAMS Ref. No.: 1200048059 determining that she does not have jurisdiction of the second arbitration proceeding filed by Drake or on his behalf, pgs. 009-010; |
| Exhibit D: | JAMS Ref. No. 1310021501, Scheduling Orders No. 1, 2 and 3, pgs. 011-029; |
| Exhibit E: | JAMS Ref. No. 1310021501, the extension of the April 4, 2016 hearing, continued on May 9 and concluding on May 10, 2016, pgs. 029-037; |
| Exhibit F: | the Corrected Final Award issued July 7, 2016, pgs. 038-057; |

Exhibit G:  Citation and Summons of Drake, pgs. 058-059;
Exhibit H:  Affidavit of Jennifer M. Andrews verifying the Exhibits of the Appendix as true and correct copies of the originals of the materials, pg. 060-061.

### E. CONCLUSION

12.  The Corrected Final Award handed down by Judge Ashworth on July 7, 2016 is a final, binding award without defect under the law. For these reasons, Petitioner asks the Court to issue an Order confirming the Corrected Final Award and enter judgment in Petitioner's favor against Respondent in accordance with the Corrected Final Award, for which let execution issue.

Dated: July 7, 2016

Respectfully submitted,

*/s/ Jennifer M. Andrews*

Jennifer M. Andrews
State Bar ID No. No. 01243010
j.andrews@wallach-law.com
WALLACH & ANDREWS, P.C.
2501 Parkview Drive, Suite 303
Fort Worth, Texas 76102
(817) 338-1707 / (817) 338-1787 FAX

**ATTORNEYS FOR PETITIONER, STEVEN M. JOHNSON**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN M. JOHNSON<br>    Petitioner | § § § § § § § § | No. : |
| VS. | | |
| WILLIAM "SCOTT" DRAKE<br>    Respondent | | |

**APPENDIX TO PETITIONER STEVEN M. JOHNSON'S
APPLICATION FOR ORDER CONFIRMING DOMESTIC ARBITRATION AWARD**

| Appendix A | Attorney Representation Agreement/Contract | APP001 |
|---|---|---|
| Appendix B | Appointment of Arbitrator | APP002-008 |
| Appendix C | JAMS Case Reference No. 120048059, Order No. 2:Jurisdiction | APP009-010 |
| Appendix D | JAMS Case Reference No. 1310021509, Scheduling Order Nos 1, 2, 3 | APP 011-029 |
| Appendix E | Arbitration Hearings, April 4, May 9/10, 2016 | APP030-037 |
| Appendix F | Corrected Final Award, July 7, 2016 | APP038-057 |
| Appendix G | Summons | APP058-059 |
| Appendix H | Declaration of Jennifer M. Andrews | APP060-061 |

Respectfully submitted,

*/s/ Jennifer M. Andrews*

By: _____
Jennifer M. Andrews
State Bar ID No. No. 01243010
j.andrews@wallach-law.com
WALLACH & ANDREWS, P.C.
2501 Parkview Drive, Suite 303
Fort Worth, Texas 76102
(817) 338-1707 / (817) 338-1787 FAX

**ATTORNEYS FOR STEVEN M. JOHNSON**