IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF OHIO WESTERN DIVISION

Andrea K. Drake, et. al.,                        Case No.: 1:13-dp-20140

    Plaintiffs,

v.

Depuy Orthopaedics, Inc. et. al.,

    Defendants.

                    -and-

Steven M. Johnson,                              Case No.: 1:17-dp-20085

    Petitioner,

v.

William Scott Drake,

    Respondent.

**WILLIAM SCOTT DRAKE'S RESPONSE TO STEVEN M. JOHNSON'S APPLICATION TO CONFIRM DOMESTIC ARBITRATION AWARD; AND MOTION TO VACATE DOMESTIC ARBITRATION AWARD.**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

     The Sixth Circuit Court of Appeals reversed and remanded because the Sixth Circuit was not satisfied with reasoning used to vacate the domestic

arbitration award. The Sixth Circuit did not instruct this Court to confirm the arbitration award, rather the Sixth Circuit narrowly held that "the district court's reliance on a mix of contract principles, estoppel theory, and inherent authority does not withstand scrutiny." As the Sixth Circuit instructs in their opinion the Attorney Representation Agreement ("ARA") fails to incorporate issues of arbitrability. Therefore, this Court should vacate the arbitration award because the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

### A. FACTS

The facts of this case have remained unchanged in large part from this court's last opinion on the issue. (See 1:13-dp-20140-JJH Doc. #36 at 1-3, attached as **Exhibit A** to Affidavit of Derek I. Stewart). The only facts to add since this synopsis are that the Sixth Circuit reversed and remanded this Court's order vacating the arbitration award. The Court's basis for reversal and remand was that an arbitration award can only be vacated in a few circumstances and that the basis by which this Court vacated the arbitration award did not withstand scrutiny. The Sixth Circuit's reversal and remand was not a direction to confirm the domestic arbitration award, but rather a rejection of the specific manner in which this arbitration award was vacated.

## B. DISCUSSION

There remain multiple issues on remand that require this court's legal analysis. The Sixth Circuit invited a discussion as to the completeness of the ARA in deciding issues of arbitrability which dictate the arbitrator's scope and authority. Additionally, a motion to confirm the domestic arbitration award was not made to a court of competent jurisdiction until well over a year after the corrected final award issued. Finally, under a laches theory this Court should equitably estop Petitioner from enforcing the arbitration award as he waited nearly nine months after the Sixth Circuit's order reversing and remanding to bring this present application.

## I. BASIS FOR VACATING UNDER FAA

The Sixth Circuit expressly held that the Drakes have not waived their ability to challenge the validity of the arbitration award for basis other than partiality and those raised on appeal. (See 19-4074 Doc. #36-2 at 8, attached as **Exhibit B** to Affidavit of Derek I. Stewart). The Federal Arbitration Act provides that an arbitration award may be vacated in four instances;

> 1) where the award was procured by corruption, fraud, or undue means; 2) where there was evident partiality or corruption in the arbitrators, or either of them; 3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; 4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

See 9 U.S.C. §10(a)(1-4). The Sixth Circuit held arguments other than partiality (9 U.S.C. §10(a)(2)) would not be foreclosed by waiver. (See 19-4074 Doc. #36-2 at 8, **Exhibit B**). The Sixth Circuit found in pertinent part:

> [T]he FAA did not prevent Drake from otherwise challenging the validity of the agreement to arbitrate the fee dispute after the award. (citation omitted). Such a challenge could be foreclosed by waiver if the party consented to the arbitration, but the district court found no waiver here because the record was "replete with Drake's assertions that the MDL is the proper forum for resolution of any fee dispute". (citation omitted). Johnson does not contest that finding, so we assume waiver does not apply here.

(See 19-4074 Doc. #36-2 at 8; 19, **Exhibit B**) Accordingly, the Sixth Circuit has left open additional challenges to the arbitration award under 9 U.S.C. §10.

## II. ARBITRABILITY VS. ARBITRATION

One such challenge is whether issues of arbitrability were for the arbitrator To decide or for the district court to decide. As the Sixth Circuit noted, the MSA explicitly noted what rules govern an arbitration proceeding under the MSA. The ARA signed by Petitioner and Respondent in this case, does not. The general rule is that the parties can agree to have an arbitrator determine issues of arbitrability, but that if the agreement to arbitrate is silent as to issues of arbitrability the court should not assume the parties agreed to arbitrate arbitrability. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944-45 (1995). In *First Options* an arbitration award was confirmed by the district court before being reversed (and vacated) on appeal when the court of appeal determined that the agreement did not

4

contemplate arbitrability. See *Id*. at 941. The Supreme Court affirmed the Third Circuit's decision. (*Id*. at 947). The Sixth Circuit in this case concluded in their opinion in this case that issues of arbitrability had been preserved by respondent and arbitrability was not contemplated in the ARA. Therefore, as further explained below, this Court should vacate the arbitration award under 9 U.S.C. §10 (a)(4).

Arbitrability is left unaddressed completely in the ARA as noted by the Sixth Circuit:

> Johnson contends that the Special Master's dismissal of the second JAMS proceeding was a binding determination that the fee dispute was not arbitrable under the MSA. Assuming that the parties agreed to have JAMS Rules govern that arbitration, the Special Master would have been delegated the authority "to determine jurisdiction and arbitrability issues as a preliminary matter." JAMS Rule 11(b). (citation omitted). Otherwise, the MSA's incorporation of the AAA's Commercial Arbitration Rules could provide "clear and unmistakable" evidence of an agreement to arbitrate questions of arbitrability.
>
> [Footnote 4] The same cannot be said for the ARA, which did not incorporate similar rules to govern any arbitration. Nor does the ARA's provision for arbitration of any dispute arising from the "interpretation, performance, or breach of this Fee Agreement" provide comparably "clear and unmistakable" evidence that the parties agreed to have the arbitrator decide questions of arbitrability.

(See 19-4074 Doc. #36-2 at 9 n.4, **Exhibit B**). If the parties to an arbitration expressly select the AAA rules in the agreement to arbitrate that is sufficient to submit questions of arbitrability to the arbitrator. *Petrofac, Inc. v. DynMcDermott Petro. Operations Co.*, 687 F. 3d 671, 674-75 (5th Cir. 2012); See also *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 482, 845-46 (6th Cir. 2020).

5

Parties to a contract may, by mutual agreement, place before an arbitrator "not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability'. See *Patton v. Johnson*, 915 F.3d 827, 834-35 (1st Cir. 2019)[1] (citing *Henry Schein, Inc.v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019)). In *Patton* the contract contained an arbitration clause and a clause that JAMS would decide issues of arbitrability. The court found that the language of that attorney representation agreement provided clear and unmistakable evidence as to the arbitrability of the matter.

The arbitrability issues that were categorically determined by the arbitrator in this case include that jurisdiction and venue were proper, that the arbitrator was able to exercise jurisdiction over respondents (people who have never been to Texas) and finally, what rules should apply to the arbitration (i.e. JAMS or AAA, etc…). In this case JAMS was selected as the arbitrator group by Johnson who filed a complaint seeking to arbitrate this matter. Respondent has objected at every step of the proceedings and the Sixth Circuit has now observed that the ARA did not incorporate rules to govern arbitrability. (See 19-4074 Doc. #36-2 at 9 n.4, **Exhibit B**). The Sixth Circuit went further concluding that the ARA did not provide clear and unmistakable evidence that the parties agreed to have the arbitrator decide

---

[1] On information and belief, the Johnson in *Patton v. Johnson* is the petitioner here. The ARA at issue in Patton is critically different from the one at issue here in that the ARA before the court does not have an arbitrability clause.

questions of arbitrability. (*Id.*). The ARA is silent on issues of arbitrability, and the Supreme Court has held that when issues of arbitrability are not clearly conveyed to the arbitrator they are issues for the district court to decide. *First Options of Chi., Inc.,* 514 U.S. at 944-45 (1995). The Supreme Court has held that when an arbitrator exceeds their powers, including as to issues of arbitrability, that is a basis by which to vacate the arbitration award under 9 U.S.C. § 10 (a)(4). See *Henry Schein, Inc.*, 139 S. Ct. 524 at 530 (2019).

In this case, given that the arbitration proceeded over objection and without these issues of arbitrability being determined. This court should find that the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. See 9 U.S.C. § 10 (a)(4). Arbitrator Ashworth exercised his authority under the JAMS rules; rules that were not part of the ARA; rules that properly should have been determined as an arbitrable issue by the district court. Therefore, the corrected final award should be vacated.

### III.  DELAY IN CONFIRMING AWARD

As an additional basis for vacating the arbitration award this court should consider petitioner's delay in confirming the corrected final award. The FAA provides that an award shall be confirmed by a court specified in the contract within a year. 9 U.S.C. § 9. If no court is provided in the contract, then application can be

made to any US district court in and for the district within the award was made. *Id*. In this case, the ARA specified that "judgment upon any award rendered by the arbitrator in such proceedings may be entered by any state or federal court with jurisdiction over the matter." (19-4074, Doc. #10-4 at ¶ 14, attached as **Exhibit C** to Affidavit of Derek I. Stewart). Petitioner attempted to confirm the arbitration award within a year in the U.S. District Court for the Northern District of Texas. (19-4075 Doc. #30, 39, attached as **Exhibit D** to Affidavit of Derek I. Stewart). This application was dismissed for lack of personal jurisdiction. Petitioner's next attempt to confirm this arbitration award was made to the US District Court for the Northern District of Texas. (19-4075, Doc. #40, attached as **Exhibit E** to Affidavit of Derek I. Stewart). This attempt to confirm the arbitration award was transferred to the Norther District of Ohio for consolidation with the pending MDL. (19-4075, Doc. #51, attached as Exhibit F to Affidavit of Derek I. Stewart). The next petition to confirm the arbitration award is the present application under consideration by this Court. This application was the first one made to a state or federal court with jurisdiction over the matter as defined in the ARA. This application was made over five years after the arbitration award was received. Therefore, under 9 U.S.C. § 9, petitioner's arbitration award should be vacated as well.

### IV.  LACHES

Finally, this arbitration award should be dismissed under the equitable doctrine

of laches. Laches is a "defense developed by courts of equity" to protect defendants against "unreasonable and prejudicial delay in commencing suit. *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.,* LLC, 137 S. Ct. 954, 960 (2017). In this case there are two bases for Laches, first in petitioner's delay in confirming the arbitration award and second in petitioner's delay in taking action after the Sixth Circuits reversal and remand. In this case petitioner's delay in both cases has been unreasonable and prejudicial and therefore this court can also vacate the arbitration award under the equitable defense of laches.

### C. CONCLUSION

On remand from the Sixth Circuit this court has been tasked with rendering an opinion consistent with the opinion of their opinion that the arbitration award could not be vacated under the theories presented. However, the Sixth Circuit unmistakably observed that arbitrability was not a part of the ARA and US Supreme Court case law is clear that if an arbitration agreement does not contain an arbitrability clause the case is to be submitted to the district court. Arbitrator Ashworth's lack of deference in this respect is fatal under 9 U.S.C. §10(a)(4). Additionally, this court can and should vacate petitioner's arbitration award under 9 U.S.C. § 9 and the equitable defense of laches. This case has been litigated, appealed and relitigated since 2016 at least. Petitioner's delay in acting on the remand should render their arbitration award vacated.

This Court should consider holding a hearing to better discuss the issues raised in petitioner's application and respondent's response.

                    Respectfully,

                    **MESHBESHER & SPENCE, LTD.**

Dated: September 23, 2021

                    By: */s/Derek I. Stewart*
                        Derek I. Stewart, MN #0399426
                        Ashleigh E. Raso,
                        Andrew L. Davick,
                        1616 Park Avenue
                        Minneapolis, MN 55404
                        (p) 612-339-9121
                        (f) 612-339-9188
                        *dstewart@meshbesher.com*
                        *araso@meshbesher.com*
                        *adavick@meshbesher.com*

                    *Attorneys for Appellees*

## Certificate of Service

I hereby certify that on September 23, 2021, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

*/s/ Derek Stewart*

Derek Stewart