IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF OHIO WESTERN DIVISION

_____

Andrea K. Drake, et. al.,                    Case No.: 1:13-dp-20140

    Plaintiffs,

v.

Depuy Orthopaedics, Inc. et. al.,

    Defendants.

-and-

Steven M. Johnson,                           Case No.: 1:17-dp-20085

    Petitioner,

v.

William Scott Drake,

    Respondent.

_____

**WILLIAM SCOTT DRAKE'S REPLY TO STEVEN M. JOHNSON'S RESPONSE TO MOTION TO VACATE DOMESTIC ARBITRATION AWARD.**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

## INTRODUCTION

    The attorney representation agreement did not have an arbitrability clause and Johnson does not contest this. Because decisions of arbitrability should have been

1

decided by the district court the arbitrator exceeded their authority and this court should vacate the arbitration award. Johnson's response to Drake's motion is to argue it is too late to vacate the arbitration award under 9 U.S.C. 10. Johnson has offered no authority for this position or that a party may not challenge an arbitration award multiple times under the FAA.

### A. WAIVER

In short, waiver does not apply in this case because the Sixth Circuit found it does not and Johnson has offered no authority to challenge this. In their opinion the Sixth Circuit found:

> Drake abandoned his argument for vacatur based on partiality 9 U.S.C.§ 10(a)(2), but the FAA did not prevent Drake from otherwise challenging the validity of the agreement to arbitrate the fee dispute after the award. *See PolyOne Corp. v. Westlake Vinyls, Inc,* 937 F.3d 692, 698 (6th Cir. 2019). Such a challenge could be foreclosed by waiver if the party consented to the arbitration, but the district court found no waiver here because the record was "replete with Drake's assertions that the MDL is the proper forum for resolution of any fee dispute." *Drake* WL 6502489, at *8. Johnson does not contest that finding, so we assume that waiver does not apply here.

(Doc. 36-2 at 8). In attacking this finding Johnson, in a footnote, argues that the Sixth Circuit's language indicates a past tense and therefore waiver is applicable. (Doc. 53 at 3-4, n2). However, Johnson's cite is incomplete and therefore misstates the language of the 6th circuit; namely that the district court found no waiver because the record is replete with Drake's objections; and that the Sixth Circuit assumed waiver did not apply because Johnson did not contest that finding at the district court.

As a practical matter, if the Sixth Circuit intended to foreclose challenges to

2

the arbitration award they would have reversed and directed judgment to be entered for petitioner. The Sixth Circuit did not do that. Their direction was to remand the cases for further proceedings consistent with their opinion. (Doc. 36-2 at 2 & 14). The Sixth Circuit went to great lengths to limit their opinion at multiple points in their opinion. Specifically:

> To be clear, the issue is not *whether* the parties agreed to arbitrate any fee disputes between them under the express terms of the ARA – everyone accepts that they did. The question is whether it was error to vacate the arbitration award on the grounds that the initial agreement to arbitrate was amended, modified, or otherwise superseded by the provisions of the MSA. Because the district court's reliance on a mix of contract principles, estoppel theory, and inherent authority does not withstand scrutiny, we **REVERSE** and **REMAND** for further proceedings consistent with this opinion.

(Doc. 36-2 at 2). The Sixth Circuit did not instruct the district court to hear no further arguments or motions; and the only comment on waiver was to expressly hold that waiver did not apply to other challenges under 9 U.S.C. §10(a) in this case. (Doc. 36-2 at 8).

### B. JOHNSON'S AUTHORITY

Johnson has not cited any authority for his proposition that Drake cannot raise the issue of arbitrability as a basis by which to vacate the arbitration award under 9 U.S.C. §10. Instead, Johnson has provided passing citations for the proposition that arbitration should be swift and final as a general policy[1]; additional citations for what

---
[1] See Doc. 53 at 4 & 8 (citing *Occidental Chemical Corp. v. Int'l Chemical Workers Union,* 853 F.2d 1310 (6th Cir. 1988) and (*Professional Administrators, Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F. 2d 639 (6th Cir. 1987)).

3

arbitrability generally means[2]; and a district of Montana decision that does not address what should occur if arbitrability is not contemplated in an arbitration agreement.[3] None of these citations hold that the issue of arbitrability in an arbitration agreement must be raised immediately or it is waived. None of these citations hold that a party can challenge an arbitration award only once under 9 U.S.C. §10. Finally, none of these citations address the thrust of respondent's motion, that the arbitrator exceeded his powers, or so imperfectly executed his powers that a mutual, final, and definite award upon the subject matter submitted was not made.

In this case Drake never agreed to a JAMS arbitration; Johnson selected a JAMS arbitrator and sought to compel arbitration. Counsel for Drake objected at every turn to the forum, venue and JAMS proceeding. At no point did Drake consent to the JAMS arbitration and nothing was contained within the parties' contract (the ARA) to compel a JAMS arbitration. The Supreme Court has held that when issues of arbitrability are silent in a contract the court should not presume the parties intended those issues to be arbitrated. (*First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 944-45 (1995)). The Supreme Court has also endorsed this type of "back-end" judicial review of an arbitrator's decision when the arbitrator has exceeded their

---

[2] See Doc. 53 at 5 (citing *Howsam v. Dean Witter Reynolds, Inc.* 537 U.S. 79 (2002)) and (*John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964)) and (*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019)).

[3] See Doc. 53 at 7 (citing *Bixler v. Next Fin. Group, Inc*., 858 F. Supp.2d 1136 (D. Mont. 2012)).

4

powers under the terms of the arbitration agreement. (*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019)). In this matter, issues of arbitrability should not have been submitted to Arbitrator Ashworth; the Sixth Circuit made this observation. (See also *Totes Isotoner Corp. v. Int'l Chem. Workers Union Council/UFCW Local 664C*, 532 F. 3d 405, 415 (6th Cir. 2008)) (holding "when an arbitrator reaches a question not committed to him by the parties, he acts outside of his authority such that an order vacating such an award is appropriate"). Therefore, vacating the arbitration award is proper.

Arbitrator Ashworth nonetheless made determinations as to arbitrability issues, namely that the parties would proceed under JAMS rules. This determination was not his to make. The terms of the ARA did not grant him that authority and by exercising his authority under the JAMS rules he exceeded his authority, and the arbitration award should be vacated under 9 U.S.C. §10(a)(4). Johnson has not offered any authority to refute this and has not contested that the ARA does not contain an arbitrability clause. Therefore, this court should vacate the arbitration award under 9 U.S.C. §10(a)(4).

Johnson includes a citation buried on page 8 of their brief to *Occidental Chem Corp. v. International Chemical Workers Union* for the proposition that Drake is precluded from arguing arbitrability under 9 U.S.C. §12. (See Doc. 53 at 8) (citing *Occidental* 853 F.2d at 1317). *Occidental* did not involve an in-depth analysis of 9 U.S.C. §12. *Occidental* involved arbitration between a former employee and their

former employer regarding the calculation of pension benefits. The primary analysis in *Occidental* involved a discussion regarding what statute of limitations is applicable for suits brought under §301 of the Labor Management Relations Act of 1947. The Court considered whether the Michigan Arbitration Act, the Federal Arbitration Act or the National Labor Relations Act should apply to act as a statute of limitations. *Id*. at 1313. There is no analysis for the requirements under 9 U.S.C. §12 or holdings that support Johnson's argument that arbitrability cannot be raised at this time. (*Compare to Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378, 1382 (11th Cir. 1988) (holding that notice is all that is required under 10 U.S.C. §12 and so long as additional basis for vacating an arbitration award relate back to that notice they are not time barred under 9 U.S.C. §12).

In this case, both the majority and dissent recognized Drake timely filed a notice of motion to vacate the arbitration award. (Doc. 36-2 at 7, 18). Johnson concedes the same. (Doc. 53 at 8). Additionally, the Sixth Circuit explicitly acknowledged that Drake retained the ability to challenge the arbitration award under 9 U.S.C. §10(a). (Doc. 36-2 at 8). It is uncontested that the ARA did not contain an arbitrability clause and that Arbitrator Ashworth exceeded his powers by determining issues of arbitrability. Because the Sixth Circuit has expressly reserved this argument and held waiver did not apply this court should vacate the arbitration award under 9 U.S.C. §10(a)(4).

### C. DELAY UNDER 9 U.S.C. § 9

Johnson misconstrues Drake's argument with respect to delay under the FAA. Drake cited to 9 U.S.C. § 9 which provides that an arbitration award must be confirmed by a court of competent jurisdiction within a year. Drake's argument is that Johnson's present petition is the first time that has occurred, some five years after the arbitration award was received. Therefore, under 9 U.S.C. § 9 this court can and should vacate the arbitration award as well.

### D. LACHES

Johnson waited approximately nine months after the Sixth Circuit remanded this matter to file a motion to confirm his arbitration award. Given that delay this court can and should consider the equitable doctrine of laches in whether Johnson was derelict in exercising his rights. Procedurally this matter has remained stagnant for nine months waiting for Johnson's initiative. Rather than attempt to move the court Johnson delayed. This delay can form the basis for laches as an equitable defense.

### E. CONCLUSION

Johnson has provided no citations for his assertion that Drake waived his ability to challenge issues of arbitrability or that under 9 U.S.C. § 10 only one such challenge is permitted. Johnson's only argument in response to Drake's motion is that it is too late to bring this issue before the court. Johnson makes this assertion without any support and in direct contrast to the Sixth Circuit's opinion. Drake is

asking this court recognize the ARA did not specify this arbitration was to be a JAMS arbitration, that JAMS rules would apply and that the arbitrator had the ability to determine venue, forum and jurisdiction. Settled Supreme Court precedent

Respectfully,

**MESHBESHER & SPENCE, LTD.**

Dated: October 14, 2021

By: /s/*Derek I. Stewart*
Derek I. Stewart, MN #0399426
Ashleigh E. Raso,
Andrew L. Davick,
1616 Park Avenue
Minneapolis, MN 55404
(p) 612-339-9121
(f) 612-339-9188
*dstewart@meshbesher.com*
*araso@meshbesher.com*
*adavick@meshbesher.com*

*Attorneys for Respondents*

## Certificate of Service

I hereby certify that on October 14, 2021, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

*/s/ Derek Stewart*

Derek Stewart