UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andrea K. Drake, *et al.*,　　　　　　　　　　　　　　Case No. 1:13-dp-20140

　　　　　Plaintiffs,

　　v.　　　　　　　　　　　　　　　　　　　　　　ORDER

DePuy Orthopaedics, Inc., *et al.*,

　　　　　Defendants.

Plaintiff William Drake, a Minnesota resident, had DePuy ASR™ hip replacement systems implanted in both of his hips. Drake and his wife, Andrea, learned of DePuy's 2010 recall of the ASR implants through a television advertisement from the Johnson Law Firm, a Texas-based firm headed by Claimant Steven Johnson. The Drakes contacted the Johnson Law Firm about the ASR recall and this multi-district litigation but initially took no further steps. But "[b]etween September 28, 2010 and January 19, 2012, Johnson's law firm contacted the Drakes through calls and letters approximately <u>fifty-seven times</u>," or an average of 3.56 times per month. *Drake v. DePuy Orthopaedics, Inc.*, 757 F. App'x 449, 450 (6th Cir. 2018). The Johnson Law Firm's final contact in this period was a letter which stated "'[f]ailing to contact us may result in the closing of your file and the loss of your rights.'" *Id.* at 451. This final letter led the Drakes to sign a form attorney representation agreement (the "ARA"), which contained a 40% contingency fee provision, provided by the Johnson Law Firm just 5 days later.

Little else occurred over the next eleven months, until November 28, 2012, when the Drakes informed Johnson they intended to hire new counsel. *Id.* At that point, Johnson filed a short-form complaint in this MDL. The Drakes subsequently terminated the ARA and obtained new counsel, who filed suit in Minnesota. *Id.* That case was soon transferred to this MDL alongside the 2012 case. The 2012 case was later dismissed, with the caveat that Johnson asserted a right to recover his contingency fee from any recovery the Drakes eventually obtained. *Id.*

In 2014, the Drakes opted into the settlement program negotiated by Plaintiffs' Leadership Council and the Defendants and was approved for a settlement award totaling $561,750. *In re DePuy Orthopaedics, Inc. ASR Hip Implant Prod. Liab. Litig.*, 838 F. App'x 922, 926 (6th Cir. 2020). Johnson then reasserted his contingency fee claim. When the Drakes understandably balked at paying Johnson 40% of their settlement award in exchange for Johnson having filed a short-form complaint, Johnson initiated arbitration with JAMS in Dallas, Texas.

After numerous procedural detours, *see id.* at 926, "Johnson was awarded: (1) a net contingency fee of 35% of the . . . settlement awards in the amount of $196,612.50 . . .; (2) a lien against Drake's recovery to the extent of that fee; and (3) contract damages for the attorney's fees and costs incurred in the arbitration in the amount of $136,457 and $20,145.47, respectively." *Id.* All told, the JAMS arbitration resulted in Johnson being awarded $353,214.97 – an unconscionable 62.88% of the total settlement award the Drakes received.

The Drakes filed a motion to vacate the arbitration award, while Johnson filed a cross-motion to confirm it. I granted the Drakes' motion and denied Johnson's motion. *Drake v. DePuy Orthopaedics, Inc.*, No. 1:13-DP-20140, 2019 WL 4750608, at *1 (N.D. Ohio Sept. 30, 2019). Johnson appealed, and the United States Court of Appeals for the Sixth Circuit reversed my decision. *In re DePuy*, 838 F. App'x 922.

On remand, the parties again filed cross-motions to confirm and to vacate the arbitration award. (Doc. Nos. 51 and 52). The Drakes argue the Sixth Circuit's ruling was a "narrow[]" one that rejected only the specific grounds I relied upon to hold that the parties were bound by the arbitration provisions contained in the 2015 ASR Settlement Agreement and left open the possibility that the 2016 arbitration award still could be overturned. (Doc. No. 52 at 2). They contend I should vacate the arbitration award due to issues of arbitrability being decided by the arbiter without express contractual permission, delay in moving to confirm the award, and the doctrine of laches. (*Id.* at 4-9).

But, regrettably, I conclude the Sixth Circuit's decision did not leave room for consideration of these arguments on remand. As the Sixth Circuit has repeatedly held, that court "can affirm a decision of the district court on any grounds supported by the record, even if different from those relied on by the district court." *Brown v. Tidwell*, 169 F.3d 330, 332 (6th Cir. 1999) (citing *City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir. 1994)). The panel ultimately reversed my decision vacating the arbitration award and neither the majority opinion nor the dissent indicated that the issues the Drakes raise were viable grounds for vacating the award on remand.

For these reasons, I deny the Drakes' application to vacate and order that the arbitration award be confirmed. I further order the Clerk of Court to close this case.

So Ordered.

                                                    s/ Jeffrey J. Helmick
                                                    United States District Judge